UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OBINNA C. ONYENANU,

    Plaintiff,

v.                                Case No: 8:23-cv-138-CEH-TGW

MERRICK B. GARLAND, ALEJANDRO MAYORKAS, UR MENDOZA JADDOU, NIEVES CARDINALE, MARY E BRENNAN SENG, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and DEPARTMENT OF HOMELAND SECURITY,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Federal Defendants' Motion to Dismiss (Doc. 11), filed pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff opposes the motion (Doc. 12). In the motion, Defendants request dismissal of this action for lack of subject-matter jurisdiction. The Court, having considered the motion and being fully advised in the premises, will grant, in part, the Defendants' motion, dismiss Plaintiff's Complaint, and allow Plaintiff leave to file an amended complaint.

**I.**     **BACKGROUND**[1]

---

[1] The following statement of facts is derived from the Complaint (Doc. 1), the allegations of which the Court accepts as true in ruling on the instant Motion to Dismiss. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (In a facial attack on the court's subject matter

Plaintiff, Obinna Onyenanu, is a citizen of Nigeria, residing in Pasco County, Florida. Doc. 1 ¶ 14. He is a foreign national holding advanced professional degrees, with both bachelor's and master's degrees in Business Administration. *Id.* ¶¶ 3, 4, 15. Plaintiff has over 11 years of professional experience in the business management field with a specialization in cybersecurity management. *Id.* ¶¶ 4, 15. On November 23, 2020, Plaintiff submitted a Form I-140 Immigration Petition for Alien Worker, based on advanced degree and exceptional ability as a business development specialist. *Id.* ¶ 31. Plaintiff's business expertise is in cybersecurity, and he is currently the Assistant Vice President in Regulatory & Corp. Rep, a division of Citi's Enterprise O&T Global Functions & Other Corporate for Citibank. *Id.* ¶ 32.

Plaintiff seeks a national interest waiver ("NIW") as a self-petitioner in the United States. *Id.* ¶ 3. The National Interest Waiver is a procedure to bypass the Labor Certification process, as administered by the Department of Labor, and which is typically a prerequisite to obtaining permanent residence through the EB-2 employment-based green card category. *Id.* ¶ 26. The USCIS ("United States Citizenship and Immigration Services") may waive the labor certification requirement that a non-citizen's services be sought by an employer in the United States if it determines that such waiver is in the national interest. *Id.* ¶ 27. Plaintiff alleges that his waiver is in the national interest because the United States needs experts like Plaintiff who can provide cybersecurity management and design and develop strong and better

---

jurisdiction, a plaintiff "is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true.").

business systems to prevent attacks and protect the U.S. business in various industries, such as finance, health, government, and national security. *Id.* ¶ 48.

On May 16, 2022, the USCIS requested additional evidence from Plaintiff establishing that he is a professional holding an advanced degree in the business field, that his proposed endeavor has substantial merit and national importance, that Plaintiff is well positioned to advance the proposed endeavor, and that it would benefit the United States to waive the requirements of having a job offer. Doc. 1 ¶ 35. On August 23, 2022, Plaintiff responded to USCIS with additional supporting evidence, including copies of his degrees, official academic transcripts, updated resume, and letters of recommendation. *Id.* ¶ 38. In support of his contention that this is in the national interest, Plaintiff submitted as additional evidence President Biden's May 12, 2021 Executive Order on Improving the Nation's Cybersecurity. Doc. 1-4 at 47–66.

On December 12, 2022, Plaintiff's petition was denied by the USCIS. *Id.* ¶ 53; Doc. 1-5. Plaintiff contends that the decision by USCIS to deny his Form I-140 Petition was arbitrary, capricious, contrary to law and published agency guidance, was not supported by substantial reasoning and evidence, and ignores or discounts overwhelming evidence submitted by Plaintiff in support of his petition, which amounts to an abuse of discretion. Doc. 1 ¶ 2. Plaintiff alleges that Defendant USCIS did not follow its established policy guidance to officers. *Id.* ¶ 68. Plaintiff also alleges that the USCIS's decision "violates the governing statute and regulations." *Id.* ¶ 69.

Plaintiff seeks review of the USCIS's denial under the Administrative Procedure Act. Plaintiff sues Merrick Garland, in his official capacity as the Attorney General

3

for the United States government; the Department of Homeland Security ("DHS"); Alejandro Mayorkas in his official capacity as the Secretary of the DHS who is charged with enforcement of the Immigration and Nationality Act ("INA"); USCIS, a department within the DHS that is responsible for the administration and enforcement of the INA; Ur Mendoza Jaddou in her official capacity as Director of the USCIS; Mary Elizabeth Brennan Seng who is the Acting Director of the USCIS Texas Service Center; and Nieves Cardinale, in her official capacity as Field Director for the USCIS Tampa Field Office. Doc. 1.

Defendants move to dismiss the Complaint for lack of jurisdiction arguing that Congress has provided USCIS with the discretion to adjudicate Plaintiff's Form I-140 NIW and therefore its decision is barred from judicial review. Doc. 11. Plaintiff responds in opposition arguing that he is not challenging the merits of a discretionary immigration decision, but rather, challenging the nondiscretionary process leading up to Defendants' decision. Doc. 12.

## II.   LEGAL STANDARD

An action may be subject to dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions to dismiss under Rule 12(b)(1) may assert either a facial or a factual attack on jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (stating same). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."

4

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). In assessing a motion to dismiss pursuant to Rule 12(b)(1) the Court affords Plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6) motion. It considers all allegations of the complaint as true and is confined to the four corners of the complaint. *Lawrence*, 919 F.2d at 1529. "Factual attacks, on the other hand, challenge the existence of subject-matter jurisdiction in fact, and the district court may consider matters outside of the pleadings." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012). It may consider extrinsic evidence such as deposition testimony and affidavits. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011).

### III.   RELEVANT IMMIGRATION STATUTES

Title 8, United States Code, Section 1153(b)(2) provides, in pertinent part:

(2) Aliens who are members of the professions holding advanced degrees or aliens of exceptional ability

(A) In general

Visas shall be made available, in a number not to exceed 28.6 percent of such worldwide level, plus any visas not required for the classes specified in paragraph (1), to qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.

(B) Waiver of job offer

(i) National interest waiver

> Subject to clause (ii), the Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.

8 U.S.C. § 1153(b)(2)(A)-(B)(i).

## IV.   DISCUSSION

In filing his Form I-140 petition, Plaintiff sought a National Interest Waiver pursuant to 8 U.S.C. § 1153(b)(2). When the USCIS denied his petition, Plaintiff appealed the denial of his NIW to this Court under the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"), arguing the agency's decision is arbitrary, capricious and contrary to law. Defendants assert that the Court lacks subject-matter jurisdiction to consider Plaintiff's claims. Plaintiff invokes the jurisdiction of the Court under 5 U.S.C. § 702 (the APA) and 28 U.S.C. §§ 2201–2202 (the Declaratory Judgment Act). Doc. 1 ¶ 9.

The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667 (1950)). For this reason, Defendants submit Plaintiff cannot establish the Court's jurisdiction under the Declaratory Judgment Act. But Plaintiff does not rely solely on the Declaratory Judgment Act for the Court's jurisdiction. Plaintiff also relies on the provisions of the APA, which provide that a federal court may "set aside

6

agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

There are two circumstances, however, in which the provisions of the APA do not confer jurisdiction. *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1192 (11th Cir. 2022) (citing 5 U.S.C. § 701(a)). "The first is when a statute expressly 'preclude[s] judicial review.' 5 U.S.C. § 701(a)(1). The second is when, even though Congress has not explicitly precluded judicial review, the 'agency action is committed to agency discretion by law.' *Id.* § 701(a)(2)." *Brasil*, 28 F.4th at 1192. "If a statute precludes judicial review, federal courts lack subject matter jurisdiction." *Id.* (citing *Zhu v. Gonzales*, 411 F.3d 292, 293 (D.C. Cir. 2005)).

Defendants argue the Court is without jurisdiction to review Plaintiff's appeal of the USCIS's denial of his NIW because Congress has barred judicial review of discretionary decisions involving immigration matters. Specifically, 8 U.S.C. § 1252 provides that no court shall have jurisdiction to review "decision[s] or action[s] of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). The relevant NIW provision states "the Attorney General *may*, when the Attorney General deems it to be in the national interest, waive the requirements . . . that an alien's services . . . be sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(B)(i) (emphasis added). The "word 'may' customarily connotes discretion." *Brasil,* 28 F.4th at 1193 (quoting *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005)). Because the plain language of the statute grants the Attorney General discretion to grants NIWs, such

7

decisions are barred from judicial review. The Eleventh Circuit in *Brasil* further observed that "the 'national interest' standard invokes broader economic and national-security considerations, and such determinations are firmly committed to the discretion of the Executive Branch." *Brasil*, 28 F.4th at 1193 (quoting *Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F.3d 868, 874 (9th Cir. 2019)).

Plaintiff responds in opposition arguing that because he is challenging the nondiscretionary process leading up to Defendants' decision, and not the merits of the discretionary immigration decision, the Court has jurisdiction to consider this matter under the APA. Notwithstanding Plaintiff's argument, review of the Complaint reveals that a challenge to the merits of the decision is precisely the relief sought. *See* Doc. 1 at 22 (requesting an Order finding that Plaintiff has satisfied the requirements for a NIW and requiring the approval of Plaintiff's I-140 petition). Thus, to the extent the Complaint challenges the merits of Defendants' decision, the Complaint is due to be dismissed. Such decisions are discretionary and not subject to judicial review.

As for Plaintiff's allegations that he is challenging the "process" leading up to the decision, the Eleventh Circuit in *Kurapati v. U.S. Citizenship & Immigration Services*, 775 F.3d 1255 (11th Cir. 2014), held that § 1252(a)(2)(B)(ii) does not preclude judicial review of a challenge that "USCIS failed to follow the correct procedure in revoking the I-140 petitions" because a failure to follow proper procedure is not discretionary. *Id.* at 1262. Although *Kurapati* involved a revocation, as opposed to a denial, the appellate court's analysis is instructive here. "Even when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its

8

own binding regulations." *Id.* (quoting *Fla. Dep't of Bus. Regul. v. U.S. Dep't of Interior*, 768 F.2d 1248, 1257 n.11 (11th Cir. 1985) *abrogated on other grounds by Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209 (2012)). "Agencies must respect their own procedural rules and regulations." *Kurapati*, 775 F.3d at 1262 (quoting *Gonzalez v. Reno*, 212 F.3d 1338, 1349 (11th Cir. 2000)).

However, Plaintiff's conclusory allegations here that USCIS did not follow its established policy guidance and that the USCIS's decision "violates the governing statute and regulations" lacks sufficient factual specificity to demonstrate that the Court's subject- matter jurisdiction is properly invoked. *See Lawrence*, 919 F.2d at 1529 (holding that in assessing a motion to dismiss pursuant to Rule12(b)(1) the Court affords plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6)); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (holding that a complaint's mere naked assertions are insufficient; it must contain sufficient factual matter). Plaintiff's allegations fall short.

The only factual detail related to the process that Plaintiff appears to rely on is his claim that USCIS misinterpreted and misapplied *Matter of Katigbak*, 14 I. & N. Dec. 45 (BIA 1971) when it refused to consider the President's Executive Order Plaintiff submitted as additional evidence regarding national interest. This argument is unpersuasive. Plaintiff argues *Katigbak's* holding is limited to a finding that a beneficiary must be a qualified member of the profession at the time of filing his visa petition. But Plaintiff's reading of *Katigbak* is too narrow, as the opinion goes on to explain that considering information acquired after the filing date of a visa petition

results in a beneficiary receiving "a priority date for visa issuance at a time when not qualified for the preference status sought." *Matter of Katigbak*, 14 I. & N. Dec. at 45.

In relevant part, the regulations require that "[a]n applicant or petitioner *must* establish that he or she is eligible for the requested benefit *at the time of filing the benefit request* and must continue to be eligible through adjudication." 8 C.F.R. § 103.2(b)(1) (emphasis added). "A benefit request shall be denied where evidence submitted in response to a request for evidence does not establish filing eligibility at the time the benefit request was filed. A benefit request shall be denied where any benefit request upon which it was based was filed subsequently." 8 C.F.R. § 103.2(b)(12). The Executive Order is dated May 12, 2021,[2] which post-dates Plaintiff's November 2020 petition. Because this supplemental evidence submitted in support of Plaintiff's claim of national interest was not in existence at the time Plaintiff filed his petition in November 2020, it was not considered for purposes of determining his eligibility as of November 2020. Doc. 1-5 at 4. Plaintiff additionally complains that the USCIS discounted numerous letters and other evidence submitted in support of Plaintiff's Form I-140 petition for national interest waiver, but such argument goes to the merits of the decision, not the decision-making process and procedures.

---

[2] Plaintiff attaches the Executive Order to the Complaint. Doc. 1-4 at 47–66. The Court may appropriately consider exhibits to a complaint when ruling on a motion to dismiss. *See GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993) (on a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto"); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

On the facts alleged, Plaintiff fails to establish the Court's subject-matter jurisdiction. However, to the extent that Plaintiff would be able to allege factual detail to support his conclusory allegation that USCIS failed to follow binding rules and regulations,[3] then § 1252(a)(2)(B)(ii) will not necessarily preclude judicial review. *See Kurapati*, 775 F.3d at 1262. Plaintiff will be given one opportunity to amend to correct the pleading deficiencies.

Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 11) is **GRANTED, in part**.

2. Plaintiff's Complaint is dismissed, and Plaintiff will be granted one opportunity to file an Amended Complaint that establishes the Court's subject-matter jurisdiction.

3. If he so chooses, within fourteen (14) days, Plaintiff may file an Amended Complaint that corrects the deficiencies referenced herein.

4. Failure to timely file an Amended Complaint that clearly alleges the Court's subject-matter jurisdiction within the time permitted will result in this action being dismissed without prejudice and without further notice.

---

[3] In its motion to dismiss, Defendants make the argument that there are no regulations setting forth the requirements for establishing the existence of the national interest. The argument is made in passing and not well-developed. But because Plaintiff will have the opportunity to amend, Plaintiff should be mindful of this argument in preparing an Amended Complaint.

**DONE AND ORDERED** in Tampa, Florida on January 17, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any