# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OBINNA C. ONYENANU,

    Plaintiff,

v.                                                                          Case No: 8:23-cv-138-CEH-TGW

MERRICK B. GARLAND,
ALEJANDRO MAYORKAS,
DIRECTOR, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,
NIEVES CARDINALE, MARY
ELIZABETH BRENNAN SENG,
DIRECTOR, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES and
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

    Defendants.
_____/

## **ORDER**

    This matter comes before the Court on the Defendants' Motion to Dismiss (Doc. 16). In the motion, Defendants request dismissal of Plaintiff's First Amended Complaint for lack of subject matter jurisdiction. Plaintiff responded in opposition. Doc. 19. The Court, having considered the motion and being fully advised in the premises, will grant Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

I.  **BACKGROUND**[1]

Plaintiff, Obinna Onyenanu, resides in Pasco County, Florida, and is currently employed with Citi Bank in Tampa. Doc. 14 ¶ 11. He is a foreign national who holds a bachelor's degree in business administration and a master's degree in business administration with a specialization in cybersecurity. *Id.* ¶¶ 2, 12, 31. Plaintiff has over 13 years' experience in business development and strategy. *Id.* ¶ 12.

On November 23, 2020, Plaintiff submitted his initial Form I-140 Immigration Petition for Alien Worker, as a professional holding an advanced degree and seeking a waiver of the job offer requirement in the national interest under § 203(b)(2)(B). *Id.* ¶ 29. Plaintiff's business expertise is in cybersecurity, and he is currently the Assistant Vice President in Regulatory & Corp. Rep, a division of Citi's Enterprise O&T Global Functions & Other Corporate for Citibank. *Id.* ¶ 30.

Plaintiff seeks a national interest waiver as a self-petitioner in the United States. *Id.* ¶ 2. The National Interest Waiver ("NIW") is a procedure to bypass the Labor Certification process, as administered by the Department of Labor, and which is typically a prerequisite to obtaining permanent residence through the EB-2 employment-based green card category. *Id.* ¶ 23. The United States Citizenship and

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 14), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983). Plaintiff attaches a number of exhibits to his Amended Complaint. Docs. 14-1–14-8. In ruling on Defendants' motion to dismiss, the Court may consider the exhibits attached to Plaintiff's complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Immigration Services ("USCIS") may waive the labor certification requirement that a non-citizen's services be sought by an employer in the United States if it determines that such waiver is in the national interest. *Id.* ¶ 24. Plaintiff alleges that the process leading up to Defendant USCIS's denial of his application was arbitrary and capricious by not following its own guidelines. *Id.* ¶ 3.

On May 16, 2022, Defendant USCIS issued a request for additional evidence ("RFE"), requesting Plaintiff to provide additional evidence that establishes that he is a professional holding an advanced degree in the business field, that his proposed endeavor has substantial merit and national importance, that Plaintiff is well positioned to advance the proposed endeavor, and that it would benefit the United States to waive the requirements of having a job offer. *Id.* ¶ 33; Doc. 14-2. On August 23, 2022, Plaintiff responded to Defendant USCIS with additional supporting evidence, including a detailed description of his proposed endeavor, which Defendant USCIS received. *Id.* ¶ 36; Doc. 14-3. In support of his contention that this is in the national interest, Plaintiff submitted as additional evidence President Biden's May 12, 2021 Executive Order on Improving the Nation's Cybersecurity. *Id.* ¶ 38.

On December 12, 2022, Plaintiff's petition was denied by Defendant USCIS on the grounds that he had not demonstrated the requirements of *Dhanasar*.[2] *Id.* ¶ 39; Doc. 14-4. Defendant USCIS recognized, in their denial letter, that Plaintiff's proposed endeavor was of substantial merit and that he was well positioned to advance it in the

---

[2] *Matter of Dhanasar*, 26 I. & N. Dec. 884 (2016).

3

field of business strategy and development. *Id*. ¶ 40. However, Defendant USCIS stated that Plaintiff had failed to provide sufficient evidence that his proposed endeavor was of national importance. *Id*. Plaintiff contends that Defendant USCIS refused to consider substantial evidence because they did not consider evidence in the RFE pertaining to national importance. *Id*. ¶ 41. However, such evidence was dated after the application filing date of November 23, 2020. *Id*.

Shortly thereafter, Plaintiff, on January 19, 2023, filed his initial complaint with this Court. *Id*. ¶ 42; Doc. 1. On March 30, 2023, Defendants responded by moving to dismiss. Doc. 14 ¶ 43; Doc. 11. Plaintiff filed his response in opposition on April 21, 2023. Doc. 14 ¶ 44; Doc. 12.

Before the Court ruled on the initial motion to dismiss, Plaintiff submitted a new Form I-140 Petition to Defendant USCIS on June 14, 2023. Doc. 14 ¶ 45. Plaintiff contends that in this second application, he included President Biden's executive order to show the ongoing and continuous need for his skills in the United States. *Id*.; Doc 14-5 at 77.[3] After receiving Plaintiff's second Form I-140 Petition, Defendant USCIS issued on September 27, 2023, an RFE stating that Onyenanu did not meet the *Dhanasar* elements. Doc. 14 ¶ 46; Doc. 14-6. In this RFE, Defendant USCIS sought additional evidence that establishes that Plaintiff's proposed endeavor is of substantial

---

[3] In his amended complaint, Plaintiff refers to Exhibit E as the "President's Executive Order." Doc. 14 ¶ 45. Review of Exhibit E reveals the document is actually a fact sheet summarizing the key points of President Biden's 2023 National Cybersecurity Strategy. Doc. 14-5 at 77.

4

merit and has national importance. Doc. 14 ¶ 47. Plaintiff submitted his response to this RFE on December 22, 2023. *Id.* ¶ 48; Doc. 14-7.

On January 17, 2024, Defendant USCIS issued its decision denying Plaintiff's second Form I-140 application. *Id.* ¶ 49; Doc. 14-8. Also on January 17, 2024, this Court granted Defendants' initial Motion to Dismiss noting that, on the facts alleged, Plaintiff failed to establish that subject-matter jurisdiction existed. Doc. 13. The Court dismissed the Complaint without prejudice and allowed Plaintiff one opportunity to file an amended complaint to correct the pleading deficiencies. *Id.* at 11. On January 31, 2024, Plaintiff filed his Amended Complaint. Doc. 14. Plaintiff alleges that Defendant USCIS (1) arbitrarily disregarded and rejected his evidence; (2) did not follow its own rules in determining eligibility; (3) failed to demonstrate that it considered all the material evidence by arriving at different outcomes using the same information provided by the same applicant; and (4) offered an implausible, cursory explanation for denying his petition that runs counter to the unquestioned, credible and unrefuted evidence of record. *Id.* ¶ 58.

Plaintiff sues Merrick Garland, in his official capacity as the Attorney General for the United States government; the Department of Homeland Security ("DHS"); Alejandro Mayorkas in his official capacity as the Secretary of the DHS who is charged with enforcement of the Immigration and Nationality Act ("INA"); USCIS, a department within the DHS that is responsible for the administration and enforcement of the INA; Ur Mendoza Jaddou in her official capacity as Director of the USCIS; Nieves Cardinale, in her official capacity as Field Director for the USCIS Tampa Field

5

Office; and Mary Elizabeth Brennan Seng who is the Acting Director of the USCIS Texas Service Center. *Id*. ¶¶ 13–19.

Defendants move to dismiss Plaintiff's Amended Complaint, again for lack of subject-matter jurisdiction, arguing that Congress has provided Defendants with broad discretion over Form I-140 applications and judicial review of the discretionary decisions is barred. Doc. 16. In response, Plaintiff argues that the Court has subject matter jurisdiction because USCIS made internally inconsistent findings and relied upon nonexistent evidence in denying Plaintiff's application such that USCIS's decision process was arbitrary and capricious. Doc. 19 at 2–6.

In his Amended Complaint, Plaintiff requests the Court: (1) assert subject matter jurisdiction over this matter; (2) hold that Defendant USCIS's process in deciding his application under *Dhanasar's* framework was arbitrary and capricious, and an abuse of discretion; (3) set aside and declare unlawful Defendant USCIS's process in denying him eligibility; (4) grant him the opportunity to prove Defendant USCIS's process through discovery or remand back to Defendant USCIS; (5) grant attorney's fees and costs of court under Equal Access to Justice Act; and (6) grant such further relief as this court deems just and proper. Doc. 14. at 19, 20.

## II.   LEGAL STANDARD

An action may be subject to dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking the Court's jurisdiction bears the burden of demonstrating that the matter falls within the Court's subject-matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Motions to dismiss

6

under Rule 12(b)(1) may assert either a facial or a factual attack on jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (stating same). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). In assessing a motion to dismiss pursuant to Rule 12(b)(1) the Court affords Plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6) motion. It considers all allegations of the complaint as true and is confined to the four corners of the complaint. *Lawrence*, 919 F.2d at 1529. "Factual attacks, on the other hand, challenge the existence of subject-matter jurisdiction in fact, and the district court may consider matters outside of the pleadings." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012).

### III. RELEVANT STATUTES PERTAINING TO THE ATTORNEY GENERAL'S DISCRETION IN GRANTING A NATIONAL INTEREST WAIVER.

<u>Title 8, United States Code, Section 1153(b)(2) provides, in pertinent part:</u>

(2) Aliens who are members of the professions holding advanced degrees or aliens of exceptional ability

(A) In general

> Visas shall be made available, in a number not to exceed 28.6 percent of such worldwide level, plus any visas not required for the classes specified in paragraph (1), to qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit

> prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services in the sciences, arts, professions, or business are sought by an employer in the United States.
>
> (B) Waiver of job offer
>
> > (i) National interest waiver
> >
> > Subject to clause (ii), the Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.

8 U.S.C. § 1153(b)(2)(A)-(B)(i).

<u>Title 8, United States Code, Section 1252(a)(2)(B) provides, in pertinent part:</u>

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i)  any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

## IV. DISCUSSION

To advance his claims, Plaintiff relies on the Administrative Procedure Act's ("APA") provision that a court can set aside final agency action where it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. §706(2)(A). There are two circumstances, however, in which the provisions of

the APA do not confer jurisdiction. *Brasil v. Sec'y, Dep't of Homeland Sec.*, 28 F.4th 1189, 1192 (11th Cir. 2022) (citing 5 U.S.C. § 701(a)). "The first is when a statute expressly 'preclude[s] judicial review.' 5 U.S.C. § 701(a)(1). The second is when, even though Congress has not explicitly precluded judicial review, the 'agency action is committed to agency discretion by law.' *Id.* § 701(a)(2)." *Brasil*, 28 F.4th at 1192. "If a statute precludes judicial review, federal courts lack subject matter jurisdiction." *Id.* (citing *Zhu v. Gonzales*, 411 F.3d 292, 293 (D.C. Cir. 2005)).

As an initial matter, 8 U.S.C. § 1252 provides that no court shall have jurisdiction to review "decision[s] or action[s] of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). The relevant NIW provision is discretionary; it states "the Attorney General *may*, when the Attorney General deems it to be in the national interest, waive the requirements . . . that an alien's services . . . be sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(B)(i) (emphasis added). The "word 'may' customarily connotes discretion." *Brasil,* 28 F.4th at 1193 (quoting *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005)). Because the plain language of the statute grants the Attorney General discretion to grant NIWs, such decisions denying NIWs are barred from judicial review.

The jurisdiction-stripping provision § 1252(a)(2)(B)(ii) was addressed most recently by the Supreme Court in *Bouarfa v. Mayorkas*, No. 23-583, 2024 WL 5048700 (U.S. Dec. 10, 2024), which involved a federal court challenge to the USCIS's revocation of a prior approval of a visa petition that Bouarfa filed on behalf of her

9

noncitizen spouse. The provision at issue in that case was 8 U.S.C. § 1155—the Secretary "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any [visa] petition." *Bouarfa*, 2024 WL 5048700, at *5 (quoting § 1155). The District Court dismissed the action for lack of jurisdiction, holding that § 1252(a)(2)(B)(ii) barred judicial review. The Eleventh Circuit affirmed, concluding that the text of § 1155 "makes clear that the Secretary's authority to revoke the approval of a petition is discretionary." *Bouarfa v. Sec'y, Dep't of Homeland Sec.*, 75 F.4th 1157, 1162 (11th Cir. 2023), *cert. granted sub nom. Bouarfa v. Mayorkas*, 144 S. Ct. 1455, 218 L. Ed. 2d 688 (2024), and *aff'd sub nom. Bouarfa v. Mayorkas*, 2024 WL 5048700. In affirming the judgment of the Eleventh Circuit, the Court held that the provision at issue was a "quintessential grant of discretion to the Secretary." In so holding, Justice Jackson observed that the word "may" has repeatedly been interpreted by the Court to imply discretionary action. *Bouarfa*, 2024 WL 5048700, at *5 (citing *Biden v. Texas*, 597 U.S. 785, 802 (2022)). The statutory provision at issue here, the NIW, uses similar discretionary language—"the Attorney General *may*, when the Attorney General deems it to be in the national interest, waive the requirements . . . ." 8 U.S.C. § 1153(b)(2) (emphasis added). As underscored by the *Bouarfa* decision, such discretionary agency decisions are not subject to judicial review.

  Plaintiff contends, however, that he is challenging Defendant USCIS's process, rather than its final agency action, in determining his ineligibility under *Dhanasar's* framework. Doc. 14 at 20. Plaintiff argues that "an irrational departure from that policy" governing the agency's discretion "could constitute action that must be

10

overturned as 'arbitrary, capricious, [or] an abuse of discretion' within the meaning of the Administrative Procedure Act." *INS v. Yang*, 519 U.S. 26, 32 (1996) (citing 5 U.S.C. §706(2)(A)); *Id*. ¶ 56. But the allegations of the Amended Complaint do not demonstrate an "irrational departure" from USCIS's policies and processes.

*Dhanasar* functions as USCIS's governing precedent in determining whether an NIW should be granted to an applicant. *Matter of Dhanasar*, 26 I. & N. Dec. 884, 889 (2016). According to the *Dhanasar* framework:

> USCIS may grant a national interest waiver if the petitioner demonstrates by a preponderance of the evidence: (1) that the foreign national's proposed endeavor has both substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification.

*Id*. at 889. Defendant USCIS may then approve the NIW as a matter of discretion, if it determines that all three elements are satisfied. *Id*.

As this Court previously pointed out in its order dismissing Plaintiff's initial complaint without prejudice, § 1252(a)(2)(B)(ii) will not preclude judicial review of a challenge that "USCIS failed to follow the correct procedure in revoking the I-140 petitions" because a failure to follow proper procedure is not discretionary. Doc. 13 (quoting *Kurapati v. U.S. Citizenship & Immigration Srvcs.*, 775 F.3d 1255, 1262 (11th Cir. 2014)). In *Kurapati*, the Eleventh Circuit noted that "[e]ven when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations." *Id.* (quoting *Fla. Dep't of Bus. Regul. v. U.S. Dep't*

11

*of Interior*, 768 F.2d 1248, 1257 n.11 (11th Cir. 1985) *abrogated on other grounds by Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209 (2012)).

Plaintiff tries to argue that USCIS did not follow proper procedures, but Plaintiff's conclusory allegation is unsupported by facts in the Amended Complaint. After receiving Plaintiff's second Form I-140 application, Defendant USCIS sent an RFE which asked Plaintiff to submit the following additional evidence: (1) a detailed description of the proposed endeavor; (2) documentary evidence supporting that it warrants substantial merit; (3) why it is of national importance; (4) that Plaintiff is well positioned to advance the proposed endeavor; and (5) why it would be beneficial to the United States to waive the requirements of a job offer and labor certification. Doc. 14-6 at 2-6. Defendant USCIS stated that it was requesting this additional evidence because the initial application was insufficient to satisfy the *Dhanasar* elements, which it is required to do for the purpose of determining an NIW petition. *Id.* at 3.

Plaintiff contends that the discrepancy in USCIS's decisions, considering the same evidence, on the substantial merit prong between Defendant USCIS's first denial letter and second RFE demonstrates their departure from following their established policy guidance. Doc. 14 ¶¶ 59–61. However, the exhibits reveal that the statements before Defendant USCIS on the first and second applications were not the same. *Compare* Doc. 14-1, *with* Doc. 14-5. When Defendant USCIS issued their first denial letter, it noted that Plaintiff provided a very broad, nondescript proposal of what he

intended to do as a Business Development Specialist.[4] Given the lack of specificity, additional evidence was requested. Plaintiff provided additional evidence and the USCIS noted he established that the proposed endeavor was of substantial merit in business. Doc. 14-4 at 4. However, his application was denied because he failed to establish the proposed endeavor is of national importance. *Id.* In the subsequent denial letter, the USCIS noted that Plaintiff's second application indicated he intended to work as a "Cyber Security Management Specialist." Again, the proposed endeavor was vague and did not provide insight as to what Plaintiff intended to do as a Cyber Security Manager in the field of business and finance. Doc. 14-8 at 5. Accordingly, additional information was requested. The Plaintiff submitted a detailed description of the proposed endeavor and documentary evidence in support, and the USCIS determined that the proposed endeavor had substantial merit. *Id.* But, again, the USCIS determined that Plaintiff failed to demonstrate the endeavor is of national importance. Plaintiff submitted an offer letter reflecting the responsibilities of his position in finance, but the responsibilities for the position were not consistent with his proposal of the design and development of business systems to prevent cyberattacks. The USCIS noted that in determining the issue of national importance, the relevant question is not the importance of the industry or the profession but instead

---

[4] The USCIS found the following statement too broad to establish that the proposed endeavor had substantial merit: "Mr. Onyenanu seeks to pursue his endeavor in the United States by providing high quality business strategy and development expertise to businesses and individuals in the United States and support economic and social development in the U.S." Doc. 14-4 at 4 (citing Doc. 14-1 at 4).

13

the focus is on the specific endeavor the applicant proposes to undertake. *Id.* at 6. In that regard, the USCIS found Plaintiff's application fell short, a decision this Court is without jurisdiction to review.

Plaintiff also contends that Defendant USCIS departed from its governing policies by failing to articulate specific reasons regarding its conclusions. Doc. 14 ¶ 61. However, review of the letters reflects that the basis for the denials, specifically as they related to Plaintiff's failure to show the endeavor's national importance, were set forth in detail in the letters. Docs. 14-4 at 5, 6; 14-8 at 6, 7. Contrary to Plaintiff's allegations, the exhibits he attaches to his Amended Complaint show that Defendant USCIS articulated its basis for finding Plaintiff's proposed endeavor was neither "of national importance," nor beneficial to the United States, to support a waiver of a labor certification. *Id.* Therefore, Plaintiff fails to demonstrate that Defendant USCIS did not follow the correct process in determining his eligibility under the *Dahanasar* framework.

Unable to show that a process or policy was not correctly followed by Defendants, Plaintiff generally argues that the denial decisions were arbitrary and capricious. But caselaw clearly holds that whether or not to grant an NIW is within the USCIS's discretion. *See Brasil*, 28 F.4th at 1193; *Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F. 3d 868, 872, (9th Cir. 2019); *Zhu*, 411 F.3d at 293; *Mousavi v. U.S. Citizenship & Immigr. Servs.*, 828 F. Appx 130, 133 (3d Cir. 2020). For this Court to review those decisions would run afoul of 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252(a)(2)(B)(ii). As explained in *Brasil*, the APA does not confer subject matter

14

jurisdiction in these circumstances. 28 F.4th at 1192 (citing § 701(a)(2)); *See also Fla. Dep't of Bus. Regul.,* 768 F.2d at 1255 ("[A]gency action is unreviewable when to the extent that it 'is committed to agency discretion by law.'") (citing § 701(a)(2)). Therefore, Plaintiff fails to establish this Court's subject matter jurisdiction to decide his claims relating to the determination of his NIW eligibility and his I-140 application.[5]

Plaintiff's reliance on the Declaratory Judgment Act to confer jurisdiction is similarly unavailing. The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667 (1950)). Because Plaintiff fails to carry his burden of demonstrating that the matter falls within the Court's subject-matter jurisdiction, this action is due to be dismissed.

---

[5] Although not raised by the parties, the Court notes that the recent ruling in *Loper Bright Enterprises* does not salvage Plaintiff's claims. In *Loper*, the Supreme Court held that "courts must exercise their independent judgement in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244, 2273 (2024). Here, it is true that the APA confers reviewing authority to this court to set aside agency decisions that are "arbitrary, capricious, abuse of discretion, or otherwise not in accordance with the law. § 706(2)(A). However, the APA is clear that such jurisdiction is not conferred upon this court in situations where (1) judicial review is "expressly precluded by law" and (2) agency decision is committed to agency discretion by law. § 701(a)(1)-(2). Because the decision is committed to agency discretion, *Loper Bright Enterprises'* mandate does not apply here. *See* § 1252(a)(2)(B)(ii); § 1153(b)(2)(B)(i); *Matter of Dhanasar*, 26 I. & N. Dec. 884 (2016).

15

Finally, Plaintiff's Amended Complaint seeks attorney's fees under The Equal Access to Justice Act ("EAJA"), which provides that an "agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding." 5 U.S.C. § 504(a)(1). Given the Court's conclusion that the Amended Complaint is due to be dismissed, Plaintiff's claim for EAJA fees necessarily fails. Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**.

2. Plaintiff's Amended Complaint is dismissed for lack of subject matter jurisdiction.

3. The Clerk is directed to terminate any pending motions and deadlines and to close this case.

**DONE AND ORDERED** in Tampa, Florida on December 11, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Unrepresented parties, if any